Urias-Bonilla v. Garland

BIA
Conroy, IJ
A206 137 834

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of August, two thousand twenty-four.

PRESENT:
> JON O. NEWMAN,
> JOSEPH F. BIANCO,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

MEDEA DADAY URIAS-BONILLA,
> *Petitioner,*

v.                                                          **22-6401**
                                                            **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**    Abdoul A. Konare, Konare Law, Frederick, MD.

**FOR RESPONDENT:**    Brian M. Boynton, Principal Deputy Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Todd J. Cochran, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Medea Daday Urias-Bonilla, a native and citizen of El Salvador, seeks review of a July 13, 2022, decision of the BIA affirming a March 12, 2018, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Medea Daday Urias-Bonilla*, No. A206 137 834 (B.I.A. July 13, 2022), *aff'g* No. A206 137 834 (Immig. Ct. N.Y. City Mar. 12, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's legal conclusions *de novo*, and its "factual findings, including adverse credibility

findings, under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Urias-Bonilla was not credible as to her claim that gang members targeted her for

3

informing a reporter about gang activities and collusion between gangs and the police.

First, the agency reasonably relied on Urias-Bonilla's omissions from her initial application and updated written statement. Urias-Bonilla's 2014 application states that gangs "threatened" and "robbed" her and had killed her friends (one because he did not have money for a drug dealer, and others for unspecified reasons). Her 2018 updated written statement and hearing testimony, however, identify the "primary reason" she fears returning to El Salvador as gang retaliation for her work as a reporter's informant. She alleged in the later statements that gang members threatened her for several months by telephone because of her work as an informant, and ultimately robbed and "attacked" her on a bus. She subsequently testified to additional facts not included in any written statement—that she recognized her attackers by their tattoos, that the same gang members beat her nephew, that the telephonic threats included demands for money, and that she had been followed twice.

The agency "may rely on any inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167

(quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).   We have cautioned that "in general omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony."   *Hong Fei Gao*, 891 F.3d at 78 (quotation marks omitted).   However, "the probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose."   *Id.*

The agency reasonably relied on Urias-Bonilla's omissions.   The omission in her original application of her work as an informant goes to the heart of her claim, and she reasonably would have been expected to disclose that allegation earlier.   *See Jian Liang v. Garland*, 10 F.4th 106, 115 (2d Cir. 2021) (upholding adverse credibility determination where petitioner omitted "critical information that he would reasonably have been expected to disclose much earlier"). Omissions from the updated written statement may provide additional support for the adverse credibility determination.   *See Xiu Xia Lin*, 534 F.3d at 166–67 (finding no error in agency's reliance on omission in application and petitioner's father's letter that were not "directly material" and holding that "the cumulative effect" of even "collateral or ancillary" discrepancies "may . . . be deemed consequential").

5

Contrary to Urias-Bonilla's assertions, the agency considered her explanation that she did not trust her lawyers or the authorities in the United States. But the agency was not required to credit that explanation, particularly given the instructions on the application to "provide a detailed and specific account of the basis of [the] claim," including "descriptions about each action or event." *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). The same is true for Urias-Bonilla's explanations that "[she did not] know" why she omitted that she recognized the attackers by their tattoos and that she "[did not] think [she] needed to add" that she had been followed. *Id.*

The adverse credibility determination is further bolstered by inconsistencies and a lack of reliable corroboration. The IJ reasonably relied on inconsistencies within Urias-Bonilla's testimony about whether her attackers on the bus spoke to and threatened her friends. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166–67 (upholding agency's reliance on cumulative effect of minor inconsistencies and omissions). And the IJ reasonably relied on the lack of

6

reliable corroboration. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency did not err in giving diminished weight to affidavits, as the declarants were unavailable for cross-examination. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that "the IJ acted within her discretion in according . . . little weight [to letters]" in part because the declarants were unavailable for cross-examination); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Taken together, the omissions, inconsistencies, and lack of reliable corroboration constitute substantial evidence for the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive because asylum, withholding of removal, and CAT relief were all based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76. Absent a credible claim that she was an informant, Urias-Bonilla's country conditions evidence is insufficient to establish a CAT claim

7

because she had to show "that someone *in [her] particular alleged circumstances is more likely than not to be tortured.*"   *Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005); *see also Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 205 (2d Cir. 2021) (holding that absent "particularized evidence" a petitioner's "generalized statements about the pervasiveness of gangs and gang violence" did not show error in BIA's conclusion regarding the likelihood of torture).

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>

8